UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.   1:20-CR-3-HAB |
| | ) | |
| WILLIAM JAURON WATSON | ) | |

**OPINION AND ORDER**

Before the Court is a letter from Defendant, styled as a memorandum in support of a request to correct his sentence under 28 U.S.C. § 2255. (ECF No. 37). Defendant alleges, generally, ineffective assistance of counsel on the part of his attorney, Samuel Bolinger.

The Court must consider whether Defendant's letter should be construed as a motion to correct a sentence as set forth in 28 U.S.C. § 2255. *See United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) (holding that any post-judgment motion in a criminal proceeding that fits the description of a motion to correct a sentence as set forth in 28 U.S.C. § 2255 should be treated as a request for relief under that statute). Section 2255 permits a federal prisoner to attack his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), prisoners are entitled to one full opportunity to pursue collateral review. *See Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). However, prisoners are barred from filing second or successive habeas petitions unless they obtain certification to do so from the court of appeals. *See* 28 U.S.C. § 2255(h) (providing that a "second or successive motion must be certified as provided in section 2244 by a

panel of the appropriate court of appeals"); *Suggs v. United States,* 705 F.3d 279, 282 (7th Cir. 2013) (citing *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007)) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition."); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007) (holding that unless the defendant "seeks and obtains permission from the court of appeals to file [a second or successive] motion, the district court is without jurisdiction to entertain his request").

Considering the serious consequences that filing a motion to correct sentence under 28 U.S.C. § 2255 has, and specifically the general prohibition against subsequent or successive motions, this Court will provide Defendant the opportunity to amend the motion so that it contains all the § 2255 claims he believes he has.

For the reasons set forth above, the Court ORDERS Defendant, within thirty days of the date of this Order, to do one of the following: (1) file a notice with the Court that Defendant wants to withdraw the letter (ECF No. 37); or (2) submit a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody" form with all claims he believes he can present. If he elects the second option, the Court will treat that motion as an amended motion to vacate under § 2255. Failure by the Defendant to comply with this deadline will result in the Court dismissing the request for relief under § 2255 without prejudice.

The Court further DIRECTS the Clerk of this Court to mail to Defendant a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody" form for his use.

SO ORDERED on August 10, 2023.

                                                   s/ Holly A. Brady
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT