UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-3-HAB |
| ) | |
| WILLIAM WATSON ) | |

**OPINION AND ORDER**

Defendant pleaded guilty to a single count of being a felon in possession of a firearm. He was sentenced in May 2020 to a term of 92 months' imprisonment. Now before the Court is a motion to correct that sentence, filed under 28 U.S.C. § 2255. (ECF No. 39). The Government has responded (ECF No. 44) and Defendant's deadline to reply has passed with no filing. The motion is now ready for ruling.

**I.    Factual and Procedural History**

In January 2019, police responded to a 911 call reporting a verbal altercation with an armed individual. That individual turned out to be Defendant. Officers saw Defendant pointing a firearm, and later recovered a .40 caliber handgun after Defendant's arrest. This was a problem for Defendant, as he had at least three prior state felony convictions.

Defendant, represented by retained counsel Samuel Bolinger, pleaded guilty to an information alleging a violation of 18 U.S.C. § 922(g)(1). (ECF No. 2). The plea contained an appeal waiver, and waived relief under § 2255 on any ground other than ineffective assistance of counsel ("IAC").

As noted above, Defendant was sentenced to a term of 92 months' imprisonment and two years' supervised release in May 2020. He did not appeal.

In July 2023, Defendant sent a letter to the Court purporting to be a memorandum in support of a motion under § 2255. (ECF No. 37). Noting the "serious consequences of filing a motion to correct a sentence under 28 U.S.C. § 2255 . . . specifically the general prohibition against subsequent or successive motions," the Court ordered Defendant to file an amended motion, containing all his claims for habeas relief, on the Court-provided form. (ECF No. 38). Defendant did so. (ECF No. 39). The amended motion is the one currently before the Court.

## II.      Legal Discussion

**1.      *28 U.S.C. § 2255***

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a motion under § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence exceeded the maximum authorized by law or is otherwise subject to collateral attack. *Id.* A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id*. As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Additionally, aside from showing "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a § 2255 movant may alternatively pursue such errors after proving that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008). This general rule does not apply to claims of ineffective

2

assistance of counsel, which may be brought via § 2255 even if not pursued during a direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**2.    *Defendant Waived Relief on any Grounds Other Than IAC***

Defendant's amended motion asserts several grounds for relief. He presses claims related to IAC, the COVID-19 pandemic, denial of medical care, and calculation of his jail time credit. Ignoring that the last three are not grounds for relief under § 2255, any ground other than IAC was waived by his plea.

Waivers of direct and collateral review in plea agreements are generally enforceable. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010); *Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999). Nevertheless, because a plea agreement is a contract and generally governed by ordinary contract law principles, waivers contained in the agreements are unenforceable in some cases akin to those in which a contract would be unenforceable, such as when the government has materially breached the agreement, *see United States v. Quintero*, 618 F.3d 746, 750–52 (7th Cir. 2010), or the dispute falls outside the scope of the waiver, *Bridgeman v. U.S.*, 229 F.3d 589, 591 (7th Cir. 2000).

Though disputes over plea agreements are "usefully viewed through the lens of contract law," the Seventh Circuit has recognized that the application of ordinary contract law principles to plea agreements, "must be tempered by recognition of limits that the Constitution places on the criminal process, limits that have no direct counterparts in the sphere of private contracting." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). For example, "while a contracting party is bound by the mistakes of his lawyer, however egregious (his only remedy being a suit for malpractice), the Constitution entitles defendants entering plea agreements to effective assistance of counsel." *Id*. at 637. Courts therefore repeatedly recognized that appellate and collateral review

3

waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement. *United States v. Jemison*, 237 F.3d 911, 916 n. 8 (7th Cir. 2001); *United States v. Hodges*, 259 F.3d 655, 659 n. 3 (7th Cir. 2001); *Bridgeman*, 229 F.3d at 591.

Turning to Defendant's waiver, the Court finds no basis to find the waiver ineffective. Though Defendant complains about Bolinger's qualifications and knowledge, he does not complain about the drafting or negotiation of the plea agreement. Nor does Defendant ever claim that the plea was anything but knowingly and voluntarily made. The Court, then, finds that the waiver is effective here, and bars any ground for relief other than IAC.

**3.**     ***Defendant's Motion is Untimely***

A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, a defendant seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to petition, *id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005), or one year from three limited, alternative circumstances, *id.* § 2255(f)(2)–(4). Where, as here, no direct appeal is taken, the judgment becomes final when the notice of appeal was to have been filed; that is, fourteen days after sentencing. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013).

4

Defendant's motion fails to meet the limitations period set forth in § 2255. The one-year anniversary of Defendant's judgment of conviction becoming final was in June 2021. The Motion was filed two years after that anniversary. If the Motion can be considered at all, then, Defendant must show some exception to the limitations period.

Equitable tolling is a basis on which a § 2255 movant can "avoid the bar of the statute of limitations." *Clarke*, 703 F.3d at 1101. "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). To qualify for equitable tolling, a petitioner must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Because a movant's diligence is "best evaluated in light of th[e] broader picture" of the conditions he faced, the equitable tolling analysis begins with the extraordinary circumstances element. *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). "'Extraordinary circumstances' are present only when an 'external obstacle' beyond the party's control 'stood in [its] way' and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017).

Defendant makes several claims that sound like potential bases for equitable tolling. He notes the COVID-19 pandemic, states that he did not arrive at his final BOP destination until June 2021, and claims that he had no access to a law library until 2022. The Court will assume, for the sake of argument, that these could be extraordinary circumstances. Indeed, the Seventh Circuit has recognized extended transit times as a potential circumstance supporting equitable tolling. *Ryan v. United States*, 657 F.3d 604, 608 (7th Cir. 2011).

Defendant's problem is the first requirement. No matter the obstacles he faced, he must still show that he has been "diligent" in pursuing his rights. He has failed to do this. Defendant

5

does not identify any steps he took to try to timely move before reaching his final BOP destination. He has provided no explanation as to why, if he had access to a law library in 2022, he didn't file anything until the middle of 2023. Defendant's motion is full of excuses, but silent on action.

The Court does not discount Defendant's obstacles, but Defendant could not wait until they cleared before pursuing relief under § 2255. Because it appears that this is exactly what he did, Defendant is not entitled to equitable tolling. His motion is untimely.

**4.** *Defendant has Failed to Establish IAC*

Even if Defendant's motion were timely, it fails on the merits. To make out a successful ineffective assistance of counsel claim, Defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).

> With regard to the performance prong, [the] defendant must direct us to the specific acts or omissions which form the basis of his claim. The court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance.

*United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Moreover, claims that an attorney was ineffective necessarily involve inquiries into an attorney's trial strategies, which in turn requires facts which usually are not contained in the trial record. Thus, many trial determinations, like so many "other decisions that an attorney must make in the course of representation[, are] a matter of professional judgment." *United States v. Berkowitz*, 927 F.2d 1376, 1382 (7th Cir. 1991). Thus, the Court must resist a natural temptation to become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

> It is not our task to call the plays as we think they should have been called. On the contrary, we must seek to evaluate the conduct from counsel's perspective at the

 time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.

*United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (citations and quotations omitted).

 Should the petitioner satisfy the performance prong, he must then fulfill the prejudice prong by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir. 1994). "In making the determination whether the specified errors resulted in the required prejudice, a court should presume . . . that the judge or jury acted according to law." *Strickland*, 466 U.S. at 694.

 Defendant's claims of IAC are completely lacking in detail. He states only that Bolinger was "<u>unfamiliar</u> and <u>ignorant</u>" of federal procedure. (ECF No. 39 at 2) (original emphasis). Even assuming that's true, these are merely "vague" and "conclusory" allegations that cannot support relief under § 2255. *Long v. United States*, 847 F.3d 916, 922 (7th Cir. 2017). Defendant does not identify anything Bolinger should have or should not have done. He doesn't argue that his sentence would have been different but for Bolinger's unidentified errors. This is simply not enough to merit relief.

### III.    Certificate of Appealability

 Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Because the Court finds that no reasonable jurist could conclude that Defendant is entitled to relief, no certificate of appealability will be issued.

### IV. Conclusion

For these reasons, Defendant's motion to amend or correct his sentence (ECF No. 39) is DENIED. No certificate of appealability will issue.

SO ORDERED on January 19, 2024.

                                                  s/ *Holly A. Brady*
                                                  CHIEF JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT