UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 1:20-CR-3-HAB-SLC |
| WILLIAM J WATSON, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is pro se Defendant William Watson's Motion for Compassionate Release or Sentence Reduction Under 18 U.S.C. § 3582. (ECF No. 50). The Government opposes the motion in principal and because Defendant has not exhausted his administrative remedies prior to filing his motion. (ECF No. 52). The motion is fully briefed. (ECF Nos. 52, 55). Because the Government is correct that Defendant failed to exhaust his administrative remedies prior to filing his compassionate release motion, the Defendant's motion will be DENIED.

## DISCUSSION

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. See 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. See 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case –
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
> (i) extraordinary and compelling reasons warrant such a reduction … … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government contends that Defendant failed to satisfy that requirement. (ECF No. 52).

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt . . . of such a request" by the warden of the prisoner's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), the Seventh Circuit clarified that the exhaustion requirement is a mandatory claim-processing rule and "*must* be enforced when properly invoked." *Id.* at 782 (emphasis in original). Where, as here, the Government raises exhaustion as a defense a defendant has the burden to show he properly exhausted all administrative avenues available to him. *Id.* at 781–82 ("[T]he defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) . . . .").

Further, to properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id.*

Defendant has not alleged, or even mentioned, exhaustion of remedies. He has offered no evidence or BOP records to suggest that he petitioned the Warden at his facility or what issues he may have raised in such a petition. Thus, the Court cannot conclude from Defendant's filings that he has met the threshold exhaustion requirement. See *United States v. Williams*, 829 Fed. App'x 138, 140 (7th Cir. 2020) (compassionate release motion properly denied where no proof of exhaustion was provided). Accordingly, the Court must deny his request for lack of exhaustion.

## CONCLUSION

Defendant's request for compassionate release (ECF No. 50) is DENIED.

SO ORDERED on August 27, 2025.

                                                    s/Holly A. Brady
                                                  CHIEF JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT